# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

MICHAEL ALONZA RUFUS, :
:
    Petitioner :
:
VS. :
:
CEO, WALTON COUNTY JAIL, : NO. 3:11-CV-72 (CAR)
:
    Respondent :
:

**O R D E R**

Petitioner **MICHAEL ALONZA RUFUS** has submitted to this Court a handwritten "Application for Writ of Habeas Corpus Pursuant [to] 28 U.S.C. § 2241."

Following a traffic stop in Walton County, Georgia, on March 1, 2011, Petitioner was arrested and charged with possession of marijuana with intent to sell and possession of a firearm during the commission of a crime. According to Petitioner, the following day, a judge denied him bond and ruled, "without a rationale," against Petitioner's various objections based on "jurisdictional and due process violations." Petitioner's application is unclear, but apparently he believes that he is being unlawfully confined because: (1) he has not been "formally charged or served process"; (2) he is a "de jure citizen and domiciled in South Carolina," and therefore not subject to the laws of Georgia; and (3) he is a victim of fraud in that he is not the "named defendant." Petitioner asks to be "liberated" from his unlawful pretrial detention.

It is well-settled that exhaustion of state court remedies is required before a habeas corpus

petitioner can proceed in federal court.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under § 2241 as well as § 2254); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (explaining that "[a]mong the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies").  A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition.  28 U.S.C. § 2254(c).

The Eleventh Circuit Court of Appeals recently held as follows regarding what a petitioner must do to exhaust a claim:

> Exhaustion requires that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  That is, to properly exhaust a claim, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review [*i.e.*, pursuant to a **state** habeas corpus action, O.C.G.A. § 9-14-1(a)].

*Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010)(citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

This Court previously advised Petitioner of the exhaustion requirements in an order dated March 23, 2011.  *Rufus v. CEO Walton County Detention Center*, 3:11-cv-43 (CDL).  Petitioner now argues that he is "not the type of 'person,' for due process purposes, to be restricted to exhaustion of state remedies as those remedies are not lawfully constituted authority to adjudicate the matters involving petitioner's private interests."  Petitioner's argument is patently invalid and he makes no colorable allegations that he has exhausted his state court remedies.

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the instant petition is hereby **DISMISSED WITHOUT PREJUDICE.**[1] Petitioner may refile his federal habeas petition once he has exhausted his state court remedies.

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts, as amended December 1, 2009, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes " a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists could not find that a dismissal of the instant action was debatable or wrong. Accordingly, it is hereby **ORDERED** that Petitioner be **DENIED** a certificate of appealability.

**SO ORDERED**, this 7th day of June, 2011.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

cr

---

[1] Under Rule 4, this Court is required to conduct a preliminary review of habeas corpus petitions and, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the Court must dismiss the petition. *See McFarland v. Scott*, 512 U.S. 849, 856, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Rule 4 applies to section 2241 cases by virtue of Rule 1(b) of the Rules Governing Section 2254 Cases.